IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CV-115-D

| | |
|---|---|
| JASMINE DENISE CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

On September 4, 2014, Jasmine D. Clark ("Clark" or "plaintiff") filed a motion for reconsideration [D.E. 28] concerning this court's September 3, 2014 order adopting the Memorandum and Recommendation ("M&R") of Magistrate Judge Jones denying plaintiff's motion for judgment on the pleadings, granting the Commissioner's motion for judgment on the pleadings, and affirming the Commissioner's denial of Social Security benefits. Defendant did not respond. As explained below, the motion for reconsideration is denied.

The court has considered the motion for reconsideration under the governing standard. See, e.g., Fed. R. Civ. P. 59(e); Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995); Collison v. Int'l Chem. Workers Union, Local 217, 34 F.3d 233, 236 (4th Cir. 1994); Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).

In the M&R [D.E. 25], Magistrate Judge Jones comprehensively analyzed Clark's attack on the ALJ's credibility assessment. See M&R 7–11. In her motion for reconsideration, Clark focuses on the Administrative Law Judge's ("ALJ") discussion of Clark's medical noncompliance to discount

the credibility of Clark's statements regarding the intensity, persistence, and limiting effects of symptoms associated with Clark's diabetes. See [D.E. 28-2] 1; Tr. [D.E. 11] 13–21 (ALJ opinion). Specifically, Clark argues that an ALJ may not deny benefits for medical noncompliance without making findings about why the claimant was noncompliant, citing 20 C.F.R. § 404.1530 and Preston v. Heckler, 769 F.2d 988, 988–91 (4th Cir. 1985). See [D.E. 28-2] 1–3. Clark contends that the ALJ failed to comply with section 404.1530 and Preston.

Section 404.1530 states:

(a) What treatment you must follow. In order to get benefits, you must follow treatment prescribed by your physician if this treatment can restore your ability to work.

(b) When you do not follow prescribed treatment. If you do not follow the prescribed treatment without a good reason, we will not find you disabled or, if you are already receiving benefits, we will stop paying you benefits.

(c) Acceptable reasons for failure to follow prescribed treatment. We will consider your physical, mental, educational, and linguistic limitations (including any lack of facility with the English language) when determining if you have an acceptable reason for failure to follow prescribed treatment. The following are examples of a good reason for not following treatment:

(1) The specific medical treatment is contrary to the established teaching and tenets of your religion.

(2) The prescribed treatment would be cataract surgery for one eye, when there is an impairment of the other eye resulting in a severe loss of vision and is not subject to improvement through treatment.

(3) Surgery was previously performed with unsuccessful results and the same surgery is again being recommended for the same impairment.

(4) The treatment because of its magnitude (e.g., open heart surgery), unusual nature (e.g., organ transplant), or other reason is very risky for you; or

(5) The treatment involves amputation of an extremity, or a major part of an extremity.

20 C.F.R. § 404.1530. In Preston, the Fourth Circuit held that when the Commissioner denies

2

benefits for noncompliance with prescribed treatment, "the burden of producing evidence concerning unjustified noncompliance lies with the Secretary." Preston, 769 F.2d at 990. The Fourth Circuit also held that when the Commissioner relies on noncompliance with prescribed treatment to deny benefits, the Commissioner must make a finding concerning the noncompliance and whether good cause exists for such noncompliance. See id.

Clark is a 20-year-old woman who received SSI benefits as a child. After attaining age 18, the Commissioner had to redetermine her eligibility for continued benefits. See 42 U.S.C. § 1382c(a)(3)(H). The ALJ held a hearing and then issued a comprehensive opinion finding that Clark's disability ended on November 2, 2010. Tr. 13–21.

In the opinion, the ALJ described the applicable five-step sequential evaluation process. See Tr. 14; 20 C.F.R. § 416.920. At step one, the ALJ found that Clark was eligible for SSI benefits as a child for the month proceeding the month in which she turned 18 and, based on a redetermination of disability under rules for adults who file new applications for SSI benefits, Clark was notified that she was found not disabled as of November 2, 2010. Tr. 15. At step two, the ALJ found that Clark had the following severe impairments: "insulin dependent diabetes mellitus; borderline intellectual functioning; and a mood disorder/history of oppositional defiant disorder." Id. At step three, the ALJ found that Clark's impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. part 404, Subpart P, Appendix 1. See id. 15–17. The ALJ also noted that, for the most part, aside from times of Clark's noncompliance in taking her prescribed medications and following an appropriate diet, Clark's "impairments have been well-controlled and have not resulted in any significant objective findings upon examination meeting the requirements of any Listing." Id. 17.

3

At step four, the ALJ found that Clark had the ability to perform light work with certain limitations. See id. 17–19. In making that assessment, the ALJ found that Clark's statements concerning the intensity, persistence, and limiting effects of her symptoms were not fully credible. Id. 18. In discounting Clark's credibility, the ALJ found that Clark's:

> medically determinable impairments could reasonably be expected to cause some of her alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not fully credible to the extent they are inconsistent with her residual functional capacity ["RFC"] assessment. Specifically, the claimant's increase in symptoms stems from non-compliance, which is a bar to disability.

Id. (citing Exhibit 20F). Exhibit 20F is a physical RFC assessment that Dr. Woods, a state-agency medical consultant, completed on January 27, 2011. Tr. 553–60. In making this assessment, Dr. Woods cited several medical records where Clark's doctors deemed her noncompliant with either dietary or medical regimens concerning her diabetes. See id. 560. Dr. Woods found that Clark's statements regarding her functional limitations were not fully credible and that medium functional ability was appropriate. Id. The ALJ also noted that, when compliant, Clark has had normal physical examinations. See id. 18; cf., e.g., id. 492–98, 553–60.

Substantial evidence supports the ALJ's analysis of Clark's credibility, including Clark's medical noncompliance vis-a-vis her credibility. See, e.g., M&R 7–11; Ingram v. Astrue, No. 5:08-CV-345-D(1), 2009 WL 2216602, at *4–6 (E.D.N.C. July 20, 2009) (unpublished); Baggett v. Astrue, No. 5:08-CV-165-D, 2009 WL 1438209, at *6–8 (E.D.N.C. May 20, 2009) (unpublished). The ALJ's credibility assessment, which referenced medical noncompliance but did not solely rely on medical noncompliance to deny benefits, did not violate either 20 C.F.R. § 404.1530 or Preston. See, e.g., Holbrook v. Colvin, 521 F. App'x 658, 663 n.5 (10th Cir. 2013) (unpublished); Bryan v. Halter, 252 F.3d 1357, 2001 WL 422878, at *2 n.11 (5th Cir. Apr. 5, 2001) (unpublished table

4

decision); Qualls v. Apfel, 206 F.3d 1368, 1372–73 (10th Cir. 2000). Furthermore, the ALJ appropriately considered and weighed the opinion of Dr. Woods and gave it "some weight." See Tr. 18–19, 553–60; cf. Reid v. Comm'r of Soc. Sec., No. 13-1480, 2014 WL 4555249, at *4 (4th Cir. Sept. 16, 2014).

In sum, plaintiff's motion for reconsideration [D.E. 28] is DENIED.

SO ORDERED. This 16 day of October 2014.

JAMES C. DEVER III
Chief United States District Judge